# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RODNEY BLAIR, #234873,** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 22-0491-KD-MU** |
| **REOSHA BUTLER,** | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION and ORDER

Plaintiff Rodney Blair, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which can be granted. Furthermore, Blair is **granted** leave to file an amended complaint within the objection period, if he elects, for the purpose of stating a claim based on the November 12, 2022 incident, as set out at the end of the Report and Recommendation.

### I. Complaint (Doc. 1).

According to Blair, in his brief complaint, on November 12, 2022, at 8:10 p.m., at Fountain Correctional Facility ("Fountain"), he was seriously cut by a window shattering when he attempted to close it, which resulted in his right hand receiving stitches. (Doc. 1 at 4-5, PageID.4-5). He contends that this as "a health hazard and cr[ue]l and

unusual punishment in direct violation of [his] 8th and 14th Amendment Rights of the United States Constitution." Id.

The sole Defendant to this claim is Warden Reosha Butler. (Id. at 5, PageID.5). He maintains that he has "a right to be free from this type of treatment." (Id.). For relief, he wants $2 million for his wrongful injury. (Id. at 7, PageID.7).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Blair is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966

(second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

When considering a *pro se* litigant's allegations, the court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir.) (citation and quotation marks omitted), cert. denied, 574 U.S. 1047 (2014). Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

### III. Analysis.

The Eighth Amendment of the Constitution states that "cruel and unusual punishments" should not be inflicted. U.S. CONST. amend. VIII. But it does not require that places of incarceration be comfortable. Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981). If conditions are harsh, that is a "part of the penalty that criminal offenders pay for their offenses against society." Id. at 347, 101 S.Ct. at 2399. All that is required is that the State furnish "its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal

3

safety." Newman v. Alabama, 559 F.2d 283, 291 (5th Cir.)[1], rev'd in part sub nom. Alabama v. Pugh, 438 U.S. 781(1978); see Helling v. McKinney, 509 U.S. 25, 32, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993); Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir.), cert. denied, 475 U.S. 1096 (1986). Prison conditions violate the Eighth Amendment only when they "involve the wanton and unnecessary infliction of pain." Rhodes, 452 U.S. at 346, 101 S.Ct. at 2399. "No static test can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." Id. (citation and internal quotation marks omitted).

To determine if a condition violates the Eighth Amendment, the Supreme Court developed a two-part test consisting of an objective and a subjective component. Wilson v. Seiter, 501 U.S. 294, 298-304, 111 S.Ct. 2321, 2324-27, 115 L.Ed.2d 271 (1991). An inmate must satisfy both components to state a claim. Id.

The objective component requires that the complained of condition be "sufficiently grave" or "extreme . . . [b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society[.]'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (citation omitted). The condition of confinement must, stating it in different ways, "deprive inmates of the minimal civilized measure of life's necessities" or "basic needs," Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399, or a single human need, Wilson , 501 U.S. at 304, 111 S.Ct. at 228, (1991). The prisoner "must show that a condition of his confinement pose[s] an

---

[1] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1984) (adopted as binding precedent the decisions of the former Fifth Circuit).

4

unreasonable risk of serious damage to his future health or safety." Chandler, 379 F. 3d at 1289 (quoting Helling, 509 U.S. at 33, 113 S.Ct. at 2481). The complained of risk must "be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk [or,] [i]n other words, . . . the risk of which he complains is not one that today's society chooses to tolerate." Id. (quoting Helling, 509 U.S. at 36, 113 S.Ct. at 2482).

The subjective component requires that the official acted with "deliberate indifference" with respect to the condition. Wilson, 501 U.S. at 303, 111 S.Ct. at 2327. Negligence does not satisfy this standard because it must be shown that official "acted with a sufficiently culpable state of mind." Chandler, 379 F.3d at 1289. "[A] prison official cannot be found liable . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1290 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979) (1994)). This complained of conduct must be more than gross negligence. Ireland v. Prummell, 53 F.4th 1274, 1288 (11th Cir. 2022); Wade v. McDade, 2023 WL 3574362, at *7 (11th Cir. May 22, 2023) (published) (same). "A plaintiff must also show that the constitutional violation caused his injuries." Marsh v. Butler County, Ala., 268 F.3d 1014, 1028 (11th Cir. 2001), abrogated on other grounds by Abella v. Rodriguez, 824 F. App'x 918 (11th Cir. 2020). "Furthermore, the official may escape liability for known risks 'if [he] responded reasonably to the risk, even if the harm ultimately was not averted.'" Chandler, 379 F.3d at 1290 (quoting Farmer, 511 U.S. at 844, 114 S.Ct. at 1982–83)).

In the present case, Blair merely names Warden Butler as Defendant. He does not describe any actions or failures to act that he attributes to Warden Butler or any knowledge that she may have pertaining to the window. Rather, it appears that she was named as Defendant because she was the warden at the time of the incident and, therefore, he thinks that she should be responsible for the window breaking and causing his injury.

However, under 42 U.S.C. § 1983, holding a supervisory defendant liable solely for the actions of a subordinate is not a recognized theory of liability. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (ruling the city could not be held liable either vicariously or under the theory of *respondeat superior* for the acts of an employee in a § 1983 action). To hold a supervisor liable under 42 U.S.C. § 1983, "a plaintiff must allege that the supervisor personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Franklin v. Curry, 738 F.3d 1246, 1249 (11th Cir. 2013). This causal connection can be shown in different ways, among them, are a custom or policy. Id. But "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676, 129 S.Ct. at 1948.

Because Blair did not show any personal involvement by Warden Butler in his claim except for the fact that she was the warden of the institution where he was injured, he has failed to state a claim for relief upon which relief can granted. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (finding that a plaintiff must establish a

6

causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights to state a claim upon which relief may be granted in a § 1983 action); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.) (same), cert. denied, 464 U.S. 932 (1983); see also Brown v. Vaughn, 1990 WL 121504 (E.D. Pa. 1990) (unpublished) (dismissed the complaint pursuant to § 1915(d) (frivolous) due to the lack of allegations about the superintendent's actions or inactions when the plaintiff cut his wrist when it went through the glass window while he was closing it, resulting in eight sutures and his inability to work).

### IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. This Circuit, however, requires that a *pro se* plaintiff be given at least one chance to amend his complaint before dismissal of his complaint where a more carefully drafted complaint might state a claim. Langlois v. Traveler's Ins. Co., 401 F. App'x 425, 427 (11th Cir. 2010) (citation and internal quotation marks omitted). Therefore, Blair is **GRANTED** leave to file an amended complaint, during the objection period for the Report and Recommendation, for for the purpose of stating a claim based on the November 12, 2022 incident in which he cut his right hand. The amended complaint is **ORDERED** to be filed on the Court's form for a complaint under 42 U.S.C. § 1983. The Clerk is **DIRECTED** to send Blair this form for his use. The first amended complaint will replace the complaint and, therefore, Blair shall not rely on his prior complaint, as it is deemed abandoned. Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th

Cir. 2006). Because the incident occurred on November 12, 2022, the two-year statute of limitations for § 1983 actions filed in Alabama has not expired and, therefore, Blair may elect to refile his action at another time within the two-year from when his claim arose instead of filing an amended complaint. Lufkin v. McCallum, 956 F.2d 1104, 1106 (11th Cir.), cert. denied, 506 U.S. 917 (1992).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this 2nd day of June, 2023.

				**s/ P. BRADLEY MURRAY**
				**UNITED STATES MAGISTRATE JUDGE**